UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESUS VEGA,

                        Petitioner,

          v.

THE PEOPLE OF THE STATE OF NEW YORK,

                        Respondent.
_____

<u>DECISION AND ORDER</u>

19-CV-6322L

## INTRODUCTION

Petitioner Jesus Vega has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Orleans County Court of one count of promoting prison contraband in the first degree, N.Y. Penal L. § 205.25(2). Petitioner was convicted after a jury trial (at which he was represented by counsel) and sentenced as a second felony offender to a three-to-six-year prison term, which he is currently serving.

## BACKGROUND

On April 12, 2015, Vega was an inmate at the Orleans Correctional Facility, serving a sentence for felony criminal contempt, which was based on his having contacted a witness in a criminal prosecution against plaintiff arising from his alleged violation of a court order of protection.[1] On that date, he was searched by a correction officer, who found a shank hidden inside

---

[1] The witness was the person protected by the order. *See* Trial Transcript (Dkt. #7-5) at 245. *See also People v. Vega*, 129 A.D.3d 474 (1st Dep't 2015) (affirming Vega's contempt conviction).

a glove that Vega was holding in his hand.  He was criminally charged with possessing prison contraband, and the case went to a jury trial.

At trial, Vega testified that he did not possess the shank, and suggested that the guards had planted it on him in retaliation for some prior actions of his that did not sit well with the officers. The jury apparently did not credit Vega's testimony, and found him guilty.  The trial court sentenced him on July 25, 2016 to a term of three to six years.

On appeal, the Appellate Division, Fourth Department, affirmed the conviction, *People v. Vega*, 167 A.D.3d 1468 (4th Dep't 2018), and the Court of Appeals denied leave to appeal, 33 N.Y.3d 955 (2019).  Vega filed his petition in this Court on May 2, 2019.  Respondent has filed an answer to the petition, as well as the entire state court record.

In his petition, Vega raises four grounds for habeas relief.  First, he asserts that he was denied due process of law because of errors relating to the mental competency examination reports that were prepared in advance of trial.  Second, Vega contends that the jury's guilty verdict was against the weight of the evidence.  Third, he argues that the trial court's *Sandoval* ruling (dealing with the extent to which the prosecutor could cross-examine Vega about his prior criminal history) was erroneous.  Fourth, Vega claims that his sentence was unduly harsh and excessive.

**DISCUSSION**

**I. General Principles**

At the outset, certain principles must be kept in mind.  First, in reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  *See also Ponnapula v. Spitzer*, 297 F.3d

172, 182-83 (2d Cir. 2002) (cautioning against fashioning "every nuance of state law ... into a [legal insufficiency] problem, thereby transforming federal habeas courts into super-appellate state courts," a role which "[b]oth Congress and the Supreme Court prohibit for federal habeas courts").

In other words, "[f]ederal habeas corpus is a backstop.  It lets federal courts review the merits of federal claims in state criminal cases.  But federal courts do not sit to review state law.  So federal courts will not review federal claims when the state court's decisions are supported by a state-law reason, an 'independent and adequate state ground[ ].'"  *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

While those general principles have been long established, they were further reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, when a claim has been adjudicated on the merits in state court, federal habeas corpus relief is available only if the state court proceeding:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  That standard poses "a formidable obstacle to habeas relief ... ."  *Clark v. Noeth*, 351 F.Supp.3d 369, 371 (W.D.N.Y.), *appeal dismissed*, 2019 WL 7876471 (2d Cir. 2019),

Where a state court rejects a petitioner's habeas claim on the merits, "the federal court must 'focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.'"  *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001)) (additional citations omitted); *see*

*also Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary"). "A state court decision slips into the 'unreasonable application' zone 'if the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (modification in original). "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Williams*, 529 U.S. at 412 (emphasis in original). Thus, it is not enough that this Court may have decided the question of law differently; rather, to deem habeas relief appropriate, the state court's application must demonstrate some additional "increment of incorrectness beyond error." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

## II. Analysis

### A. Mental Competency Reports

Prior to trial, the trial court granted Vega's request for an examination to determine whether he had the mental capacity to stand trial. (Dkt. #7-3 at 85.) He was then examined separately by Jeffrey Barlow, Ph.D., and Syed Jaffery, M.D., both of whom concluded that he was competent to stand trial. *Id.* at 99, 100.

In his direct appeal, Vega argued that he was denied due process because the mental competency examination reports failed to comply with the requirements of state law in certain respects. The Appellate Division rejected that contention, holding that the reports "substantially

compl[ied] with the requirements set forth in CPL article 730," which governs the preparation of such reports.  167 A.D.3d at 1469.  The court also stated that although one of the reports was not written on the standardized form, and one report contained some minor factual errors, those were insubstantial matters and did not deprive Vega of due process.  *Id.*

In his habeas petition, Vega repeats his assertion that he was denied due process, but the only argument that he offers in support of that assertion is that one of the reports "was not submitted on the proper form in accordance with C.P.L. § 730 ... ."  (Dkt. #1 at 6.)

This purported ground for relief is patently meritless.  Although Vega asserts that he was deprived of due process, the claim on its face relates only to an alleged instance of noncompliance with state law, and a minor one at that.  He has not alleged any facts that implicate his federal constitutional rights.

In any event, the state court rejected this argument on state law grounds, so this claim is not even cognizable in this Court.  As stated, a federal habeas petition is not a vehicle to "appeal" from state court rulings, particularly when they are based on adequate and independent state law grounds. *See Charles v. Artus*, No. 04-CV-1428, 2004 WL 3090583, at *1-*2 (E.D.N.Y. Aug. 1, 2004) (dismissing habeas petition based on alleged violations of C.P.L. art. 730 in connection with competency evaluation).[2]

### B. Weight of the Evidence

In his second ground for relief, Vega asserts that his conviction was "against the weight of the credible evidence."  (Dkt. #1 at 7.)  In support of that assertion, he states that the prosecution's

---

[2] Although I need not reach the substantive merits of this ground for relief, I note that Vega does not appear to allege that he was *not* competent to stand trial, and the trial transcript demonstrates that he understood very well what he was charged with and what was happening.

case against him rested largely on the testimony of one particular officer, Paul Curtin, who conducted the search and claimed to have found the shank inside Vega's glove.

"It is well established that a 'weight of the evidence' claim does not provide a basis for federal habeas relief." *Clark v. Noeth*, 351 F.Supp.3d 369, 372 (W.D.N.Y.) (citing *Ward v. Herbert*, 509 F.Supp.2d 253, 264 & n.3 (W.D.N.Y. 2007)), *appeal dismissed*, 2019 WL 7876471 (2d Cir. 2019). *See also McKinnon v. Superintendent*, 422 F.App'x 69, 75 (2d Cir. 2011) ("[T]he argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus") (citing cases).

Although habeas relief might be available if the state court's factual findings represent an "unreasonable determination of the facts," in the sense that "reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, or where the court ignored highly probative and material evidence," *Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013) (citations omitted), this is not such a case. Stating that "[t]he resolution of credibility issues by the jury and its determination of the weight to be given to the evidence are accorded great deference," the Appellate Division held that "the jury was entitled to credit the testimony of the correction officer who discovered the shank during a search of defendant's person and to reject the version of the incident set forth by defendant." 167 A.D.3d at 1470 (citations omitted). That conclusion was in no way unreasonable or contrary to clearly established federal constitutional law.

### C. Trial Court's *Sandoval* Ruling

Prior to trial, the state court issued a ruling pursuant to *People v. Sandoval*, 34 N.Y.2d 371 (1974), concerning the extent to which the prosecution would be allowed to question Vega regarding

-6-

prior convictions or bad acts, should Vega testify at trial.  In its in limine motion, the prosecution sought to question Vega about three prior bad acts.  The trial court ruled that the prosecutor would not be permitted to question Vega about two of them (a prior conviction for menacing and Vega's possession of a shank on a previous occasion), but the court allowed limited cross-examination as to Vega's criminal contempt conviction, *i.e.*, the conviction that led to his being in prison in the first place.  Vega now argues that this ruling was error and that the trial court wrongly allowed the prosecutor to delve into the facts underlying his contempt conviction.

A claim that the trial court erred in its *Sandoval* ruling brings up a matter of state law that is "not subject to habeas review unless the petitioner can show that the erroneous evidentiary ruling was so pervasive as to have denied him a fundamentally fair trial, or so extremely unfair that its admission violates fundamental conceptions of justice."  *Cherry v. New York*, No. 18-cv-6493L, 2021 WL 710954, at *7 (W.D.N.Y. Feb. 24, 2021) (internal quote omitted).  To establish a constitutional violation, the petitioner must demonstrate that:  "(1) the evidence was in fact admitted erroneously; and (2) the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."  *Id.*  "In sum, the erroneously admitted evidence must have been crucial, critical, [and] highly significant."  *Id.* (citations omitted).

In the case at bar, petitioner has fallen far short of meeting that standard.  For one thing, he failed to object to the trial court's ruling at trial, so this claim is procedurally barred.  The Appellate Division stated that Vega's *Sandoval* claim had not been preserved for review, due to his failure to make a contemporaneous objection.  This ground is therefore barred by the procedural default doctrine, which provides that "a federal habeas court generally may not review a claim on the merits,

even if it is exhausted, if the state court decision rejecting that claim 'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Lomaglio v. Annucci*, No. 17-CV-6395, 2021 WL 1720808, at *4 (W.D.N.Y. Apr. 30, 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

Moreover, the claim is plainly meritless.  As respondent points out in its brief, Vega testified in his *direct* examination that he was in prison for a conviction of criminal contempt based on violating an order of protection.  In any event, the jury obviously knew that Vega had a criminal history, since he was in prison at the time of the shank incident.  If anything, revealing the fact that he was serving a sentence for contempt may have inured to his benefit, since the jury would not have been left wondering if he were in prison for a far more serious crime.  Finally, the trial court issued a limiting instruction to the effect that the evidence was solely to be considered for the purpose of evaluating Vega's credibility, which was entirely proper.

### D. Vega's Sentence

In his fourth and final ground for relief, Vega asserts that his sentence was unduly harsh and excessive.  It is well settled that such a claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Major v. Lamanna*, No. 18-cv-418, 2021 WL 4267851, at *15 (N.D.N.Y. Sept. 3, 2021).  This contention therefore presents no ground for habeas relief.

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case. Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED.  The Court also denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         October 26, 2021.